[Doc. No. 5]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>　　　　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**JOHN DOE SUBSCRIBER ASSIGNED**<br>**IP ADDRESS 69.244.125.124,**<br><br>　　　　　　**Defendant.** | **Civil No. 24-6536 (KMW/MJS)** |

### O P I N I O N   A N D   O R D E R

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") motion for leave to serve a third-party subpoena prior to the Rule 26(f) scheduling conference. The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78, has decided this motion without oral argument. For the reasons set forth herein, Plaintiff's motion is **GRANTED.**

Plaintiff, a limited liability company that claims ownership of certain United States copyright registrations, alleges that John Doe Defendant ("Defendant") illegally distributed Plaintiff's copyrighted works using the BitTorrent peer-to-peer filing sharing system, in violation of the Copyright Act, 17 U.S.C § 101 et seq. See generally Compl. [ECF No. 1]. Plaintiff asserts that it does

not know the Defendant's identity; it knows only that the infringing acts alleged in the Complaint were committed using Internet Protocol ("IP") address 69.244.125.124. Pl.'s Br. at 1 [ECF No. 5-1]. Accordingly, Plaintiff seeks leave to issue a subpoena, pursuant to Fed. R. Civ. P. 45, to the appropriate Internet Service Provider ("ISP"), Comcast Cable, to ascertain the name and address of the subscriber. Id.

Plaintiff argues that good cause exists to grant the requested discovery and that without it, Plaintiff will have no means to undercover Defendant's identity, to serve Defendant, and protect its copyrights. Id. at 2. Because Defendant has not yet been served, the motion is unopposed.

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference in conformance with Rule 26(f). See FED. R. CIV. P. 26(d)(1). Nonetheless, in certain circumstances, a court may "grant [a party] leave to conduct discovery prior to that conference[,]" considering "the entirety of the record to date and the reasonableness of the request in light of all the circumstances." Strike 3 Holdings, LLC v. Doe, Civ. No. 21-17863, 2021 WL 4623348, at *1 (D.N.J. Oct. 7, 2021) (citing Better

<u>Packages, Inc. v. Zheng</u>, Civ. No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

To determine if expedited discovery is appropriate, a court should apply the "good cause" test. <u>Strike 3 Holdings v. Doe</u>, Civ. No. 18-2674, 2020 WL 3567282 (D.N.J. June 30, 2020). "Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" <u>Id.</u> at *4 (citation omitted). Further, a court should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner. <u>See</u> <u>Better Packages</u>, 2006 WL 1373055, at *3.

Plaintiff contends there is good cause for this Court to grant its motion because: (1) it makes a prima facie claim for direct copyright infringement, (2) the timing of its request in light of the formal start of discovery favors granting the relief; (3) it has narrowly tailored and identified the limited and specific information sought; (4) the purpose of the requested discovery and the need for the information sought in order to advance the claim favors granting relief; (5) the discovery does not burden Defendant or require Defendant to respond in an expedited manner; (6) there are no alternative means to obtain Defendant's true identity; and

3

(7) Defendant's privacy interest is outweighed by Plaintiff's interest in protecting its copyrights. ECF No. 5-1 at 8-23.

Having considered Plaintiff's application, the Court finds Plaintiff has demonstrated good cause to serve a Rule 45 subpoena on Comcast Cable prior to a Rule 26(f) conference. The information being sought is necessary to allow Plaintiff to identify the appropriate defendant and serve the Amended Complaint. See e.g., Strike 3 Holdings, LLC, 2021 WL 4623348, at *2; Strike 3 Holdings, LLC v. Doe, Civ. No. 22-4430, 2022 WL 2952916, at *2 (July 26, 2022); Strike 3 Holdings, LLC v. Doe, Civ. No. 21-13910, 2021 WL 3930719, *2 (Sept. 1, 2021). The Court further recognizes that the IP account holder might not be personally responsible for the alleged infringement, but the IP account holder might possess information that assists in identifying the alleged infringer, and thus the information is discoverable under the broad scope of Rule 26. See e.g., Strike 3 Holdings, LLC, 2021 WL 4623348, at *2; Strike 3 Holdings, LLC, 2022 WL 2952916, at *2; Strike 3 Holdings, LLC, 2021 WL 3930719, *2.

However, with this in mind and considering the undue burden that more expansive and intrusive discovery could have on innocent individuals, who may not have been the actual infringers, the Court limits this early discovery only to the name and address of the subscriber. See e.g., Strike 3 Holdings, LLC, 2021 WL 4623348, at *2; Strike 3 Holdings, LLC, 2022 WL 2952916, at *2; Strike 3

Holdings, LLC v. Doe, Civ. No. 21-12769, 2021 WL 5173411, at *3
(D.N.J. Oct. 29, 2021); Strike 3 Holdings, LLC, 2021 WL 3930719,
at *2; Strike 3 Holdings, LLC, 2020 WL 3567282, at *9.

    Accordingly, **IT IS** on this **20th** day of **June 2024** hereby:

    **ORDERED** that Plaintiff's Motion [Doc. No. 5] seeking leave to
serve a subpoena pursuant to Rule 45 prior to the Rule 26(f)
conference is hereby **GRANTED**; and it is further

    **ORDERED** that Plaintiff may serve a subpoena issued to Comcast
Cable that is limited to requesting the name and address only
associated with the IP address identified in the complaint, limited
in scope to the time periods of the alleged infringing activity
outlined in the complaint and exhibits thereto. Plaintiff shall
attach to any such subpoena a copy of this Order. Under no
circumstances is Plaintiff permitted to seek or obtain the
telephone number(s), email address(es), or any other information
associated with this individual through this subpoena; and it is
further

    **ORDERED** that Plaintiff may only use the information disclosed
in response to a Rule 45 subpoena served on the ISP for the purpose
of protecting and enforcing Plaintiff's rights as set forth in its
Complaint; and it is further

      **ORDERED** that Plaintiff shall be prepared to provide copies of the responsive information to any Defendant who enters an appearance in this case.[1]

                        s/ Matthew J. Skahill
                        MATTHEW J. SKAHILL
                        United States Magistrate Judge

At:  Camden, New Jersey

---

[1] Before filing an Amended Complaint naming a specific individual as a Defendant, Plaintiff shall ensure that it has an adequate factual basis to do so. By permitting this discovery, the Court does not find or suggest that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as a basis for its claims or its identification of the specific individual as the Defendant.